IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONYA HILL DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 12-0071-N |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

ORDER

This matter is before the court on plaintiff's appeal of the final decision of the Commissioner of Social Security denying hers claim for benefits. The parties have waived oral argument in this case (docs. 17, 20); the parties also have consented to the exercise of jurisdiction by a magistrate judge (doc. 18) and the action has been referred to the undersigned for all purposes (doc. 19). Upon review of the briefs of the parties (docs. 12, 15) and the administrative record (doc. 11), it is the opinion of the undersigned that this matter is due to be REMANDED.

*Procedural Background*

Plaintiff filed her claims for a period of disability and disability insurance benefits ("DIB") and for supplemental security income ("SSI") on August 23, 2007, alleging that she became disabled as of June 27, 2007. Doc. 11, at 131-137. The applications were initially denied (id. at 75-88) on March 10, 2008. Plaintiff timely filed a request for hearing; a hearing was held before an administrative law judge ("ALJ") on August 6, 2009, at which plaintiff was represented by counsel. The ALJ issued an unfavorable decision on November 2, 2009 (id. at 24-38).

Thereafter, plaintiff sought review of that decision from the Appeals Council. Id. at 21. The Appeals Counsel denied review on December 14, 2011, (id. at 5), which rendered the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed the instant appeal (doc. 1).

*Legal Standard*

Scope of Judicial Review.

In reviewing claims brought under the Social Security Act, this Court's role is a limited one. Specifically, the Court's review is limited to determining: 1) whether the decision is supported by substantial evidence, and 2) whether the correct legal standards were applied. *See*, 42 U.S.C. § 405(g); Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). Thus, a court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996); Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). Rather, the Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Chater, 84 F.3d at 1400; Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991). *See also*, Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)("Even if the evidence preponderates against the Secretary's factual findings, we must affirm if the decision reached is supported by substantial evidence."); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (finding that substantial evidence is defined as "more than a scintilla but less than a preponderance," and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion[ ]"). In determining whether substantial evidence exists, a court must view the

record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. Lynch v. Astrue, 358 Fed.Appx. 83, 86 (11th Cir. 2009); Martino v. Barnhart, 2002 WL 32881075, * 1 (11th Cir. 2002); Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). Even where there is substantial evidence to the contrary of the ALJ's findings, the ALJ decision will not be overturned where "there is substantially supportive evidence" of the ALJ's decision. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).

Statutory and Regulatory Framework.

The Social Security Act's general disability insurance benefits program ("DIB") provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence. *See* 42 U.S.C. § 423(a). The Social Security Act's Supplemental Security Income ("SSI") is a separate and distinct program. SSI is a general public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below the poverty line. Eligibility for SSI is based upon proof of indigence and disability. *See* 42 U.S.C. §§ 1382(a), 1382c(a)(3)(A)-(C). However, despite the fact they are separate programs, the law and regulations governing a claim for DIB and a claim for SSI are identical; therefore, claims for DIB and SSI are treated identically for the purpose of determining whether a claimant is disabled. Patterson v. Bowen, 799 F.2d 1455, 1456 n. 1 (11th Cir. 1986). Applicants under DIB and SSI must provide "disability" within the meaning of the Social Security Act, which defines disability in virtually identical language for both programs. *See* 42 U.S.C. §§ 423(d), 1382c(a)(3), 1382c(a)(3)(G); 20 C.F.R. §§ 404.1505(a), 416.905(a). A person is entitled to disability benefits when the

person is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Commissioner of Social Security employs a five-step, sequential evaluation process to determine whether a claimant is entitled to benefits. *See* 20 C.F.R. §§ 404.1520, 416.920 (2010). The Eleventh Circuit has described the evaluation to include the following sequence of determinations:

> (1) Is the person presently unemployed?
>
> (2) Is the person's impairment(s) severe?
>
> (3) Does the person's impairment(s) meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?[1]
>
> (4) Is the person unable to perform his or her former occupation?
>
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). *See also* Bell v. Astrue, 2012 WL 2031976, *2 (N.D. Ala. May 31, 2012); Huntley v. Astrue, 2012 WL 135591, *1 (M.D. Ala. Jan. 17, 2012).

---

[1] This subpart is also referred to as "the Listing of Impairments" or "the Listings."

The burden of proof rests on a claimant through Step 4. *See* Phillips v. Barnhart, 357 F.3d 1232, 1237–39 (11th Cir. 2004). Claimants establish a *prima facie* case of qualifying disability once they meet the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238–39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. Id. It also can contain both exertional and nonexertional limitations. *Id*. at 1242–43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id.* at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines, 20 C.F.R. pt. 404 subpt. P, app. 2 ("grids"), or hear testimony from a vocational expert (VE). Id. at 1239–40.

*Issues Presented*

Plaintiff raises the following three issues on appeal:

1. That the ALJ failed to address the opinion of Dr. Huey Kidd, one of plaintiff's treating physicians;

2. That the ALJ failed to consider plaintiff's seizures under Listing 11.03; and

3. That the ALJ failed to include a "function-by-function" assessment in determining plaintiff's residual functional capacity ("RFC").

*Analysis*

Plaintiff claimed disability, alleging that she suffered from seizures, anemia, obesity and bulging lumbar disc. She last worked in June 2007. Doc. 11 at 149. She

was 35 years of age at the time she filed her claim, and 37 at the time of the ALJ's decision. Doc. 12.

At the hearing, the ALJ left the record open to allow plaintiff's attorney to submit additional medical records from Dr. Huey Kidd. Doc. 11 at 38. Indeed, the ALJ stated that he was "very interested in getting the updated records regarding the seizures, and quite frankly it could make or break the case" and that he was expecting additional information on the frequency of her sizures. Id. at 73. The ALJ also asked counsel to submit his analysis of whether plaintiff met the listing on seizures. Id. Her attorney agreed to do so, but responded that "[t]he only problem I think with the seizure listing is, I believe the seizure listing is going to require some, some medical studies that we currently won't have." Id. at 73-4.

After the hearing on August 6, 2009, plaintiff's counsel submitted a short cover letter and a one-page form completed by Dr. Kidd on September 5, 2009, entitled "Medical Statement Regarding Seizures for Social Security Disability Claim." Id. at 405-06. In that form, Dr. Kidd checked the boxes for both Generalized and Absence seizures; checked the box indicating that plaintiff suffered convulsive seizures about once a week, but wrote that "[h]as been 1 month since a generalized seizure. Prior to a dosing change of her Dilantin she was having them twice weekly;" and checked boxes indicating that plaintiff suffered non-convulsive seizures several times per week and that plaintiff showed 'excellent' compliance with treatment. Id.

In the order, the ALJ erroneously stated that "[t]he record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision. … At the hearing the

claimant and her attorney were given the opportunity to update the medical records from Dr. Kidd; however, they did not." Id. at 36. As noted above, and as admitted by the Commissioner in his brief (doc. 15 at 5-6), plaintiff's counsel did indeed provide updated records from Dr. Kidd. *See* doc. 11 at 405-06. It is thus apparent that the ALJ did not consider the updated records submitted prior to entering his order.

The ALJ found that plaintiff met the insured status requirement for DIB benefits through September 30, 2009; that she had not engaged in substantial gainful activity since June 27, 2007, the alleged onset date of her disability; and that she had the following severe impairments: depression, iron deficiency anemia, obesity, L3-4 disc bulges, and seizures. Id. at 29. The ALJ further found that plaintiff suffered from a deviated nasal septum but that it was not a severe impairment. Id. Plaintiff had past work at Carolyn's Recycling for approximately one month until she was "too sick"[2] and at Pine Hill Supply and Old School Truck Stop as a cashier for 10 months prior to that. Id. at 34-35.

As discussed above, at the end of the hearing the ALJ indicated that he was particularly interested in additional medical records addressing the frequency of plaintiff's seizures. Plaintiff submitted evidence that addressed that particular issue: her treating physician provided a statement that, prior to a change in the dosage of one of her medications for seizure, she had suffered seizures multiple times per week. Though the government correctly points out that plaintiff's claim is weakened by the lack of corroborating objective evidence in her medical records and might have been based on

---

[2] Mr. Glenn Pendergrass, the general manager of plaintiff's last employer, Carolyn's Recycling, testified at the hearing that plaintiff had two seizures while she worked there; that plaintiff hit her head during one of those seizures and he took her to the emergency room; and that plaintiff recovered from her other seizure after drinking a soda. Id. at 63-64.

7

plaintiff's subjective statements to the doctor, the evidence did directly address the particular point the ALJ found lacking in the case record. The government argues that the additional evidence does not so significantly alter the evidence as to render the ALJ's decision unsupported by substantial evidence.

An "ALJ has a basic obligation to develop a full and fair record. This obligation exists even if the claimant is represented by counsel." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981); *see also* Reeves v. Heckler, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) ("It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision."). "Remanding for further proceedings is thus appropriate when the ALJ's decision is not supported by substantial evidence, as when an ALJ fails to consider important evidence in the record or fails to sufficiently develop the record." *See* McGruder ex rel. D.J. v. Astrue, 2012 WL 5817938 (N.D.Ga. November 16, 2012)(*citing* Durham v. Apfel, 34 F.Supp.2d 1373, 1382 (N.D.Ga.1998) (remanding when the ALJ failed to consider evidence of the severity of an impairment, failed to consider all impairments in combination, omitted an impairment in a hypothetical question posed to a vocational expert, and failed to fully develop the record).

In this case, the unreviewed evidence was of the sort requested by the ALJ, was relevant to the precise issue identified by the ALJ as central to his decision, was present in the record at the time the ALJ made his decision, but was ignored in forming that decision. If the ALJ had considered the additional evidence and nonetheless found that plaintiff was not disabled, the court would properly apply the substantial evidence standard under its limited standard of factual review; however, the evidence presented

8

may have led the ALJ to a different conclusion which could itself have been supported by substantial evidence. The ALJ's failure to consider this opinion evidence from plaintiff's treating physician, properly and timely submitted, which he himself identified as of particular relevance to his decision, leads the undersigned to remand the decision to allow the ALJ the opportunity to review the full record.

In light of this determination, the court does not address the plaintiff's remaining assignments of error.

## Conclusion

For the reasons set forth above, it is hereby ORDERED that plaintiff's Social Security claim is REMANDED to the Commissioner for further proceedings consistent with this opinion. A separate judgment shall enter.

DONE this 30th day of January, 2013.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE